1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JAMES C. MAXEY,                    No.  2:14-cv-133-JAM-EFB PS
12              Plaintiff,
13        v.
14   CALIFORNIA STATE BAR
     ASSOCIATION,
15
16              Defendant.

17   JAMES C. MAXEY,                    No.  2:14-cv-134-JAM-EFB PS
18              Plaintiff,
19        v.
20   FEDERAL BUREAU OF
     INVESTIGATION,
21
22              Defendant.

23   JAMES C. MAXEY,                    No.  2:14-cv-135-KJM-KJN PS
24              Plaintiff,
25        v.
26   JANET SCULLY,
27              Defendant.
28

                            1

JAMES C. MAXEY,                              No.  2:14-cv-136-MCE-CKD PS

        Plaintiff,

    v.

ARNOLD SCHWARZENEGGER,

        Defendant.

JAMES C. MAXEY,                              No.  2:14-cv-137-MCE-DAD PS

        Plaintiff,

    v.

GEORGE W. BUSH,

        Defendant.

JAMES C. MAXEY,                              No.  2:14-cv-138-TLN-AC PS

        Plaintiff,

    v.

HALLIBURTON U.S.A., INC.,

        Defendant.

JAMES C. MAXEY,                              No.  2:14-cv-139-KJM-KJN PS

        Plaintiff,

    v.

ELLY WILLERUP,

        Defendant.

/////

/////

/////

/////

/////

2

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-140-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| GERMANY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-141-GEB-CKD PS |
| Plaintiff, | |
| v. | |
| CALIFORNIA TEACHERS ASSOCIATION, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-142-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| DAVID STERN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-143-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| SACRAMENTO KINGS (N.B.A.) INC., | |
| Defendant. | |

/////

/////

/////

/////

/////

3

JAMES C. MAXEY,

        Plaintiff,

      v.

INDIA,

        Defendant.

No.  2:14-cv-144-JAM-AC PS

JAMES C. MAXEY,

        Plaintiff,

      v.

SIEMENS U.S.A., INC.,

        Defendant.

No.  2:14-cv-145-JAM-CKD PS

JAMES C. MAXEY,

        Plaintiff,

      v.

SACRAMENTO COUNTY DEPUTY
SHERIFF'S ASSOCIATION,

        Defendant.

No.  2:14-cv-146-KJM-DAD PS

JAMES C. MAXEY,

        Plaintiff,

      v.

CALIFORNIA STATE FIREFIGHTERS
ASSOCIATION,

        Defendant.

No.  2:14-cv-147-TLN-KJN PS

/////

/////

/////

/////

4

JAMES C. MAXEY,                                 No.  2:14-cv-149-LKK-CKD PS

          Plaintiff,

    v.

RICHARD CHENEY,

          Defendant.

JAMES C. MAXEY,                                 No.  2:14-cv-150-MCE-CKD PS

          Plaintiff,

    v.

EDMUND G. BROWN,

          Defendant.

JAMES C. MAXEY,                                 No.  2:14-cv-151-KJM-KJN PS

          Plaintiff,

    v.

KAMALA HARRIS,

          Defendant.

JAMES C. MAXEY,                                 No.  2:14-cv-152-GEB-AC PS

          Plaintiff,

    v.

ERIC HOLDER,

          Defendant.

/////
/////
/////
/////
/////

5

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-164-JAM-EFB PS |
| Plaintiff, | |
| v. | |
| FOX BUSINESS CHANNEL, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-165-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| ENGLAND, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-166-KJM-CKD PS |
| Plaintiff, | |
| v. | |
| SPAIN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-167-MCE-AC PS |
| Plaintiff, | |
| v. | |
| FRANCE, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-168-MCE-AC PS |
| Plaintiff, | |
| v. | |
| FOX NEWS CHANNEL, | |
| Defendant. | |

JAMES C. MAXEY,                                    No.  2:14-cv-169-MCE-AC PS

                Plaintiff,

    v.

SACRAMENTO BEE, INC.,

                Defendant.

JAMES C. MAXEY,                                    No.  2:14-cv-170-JAM-CKD PS

                Plaintiff,

    v.

RUPPERT MURDOCH,

                Defendant.

JAMES C. MAXEY,                                    No.  2:14-cv-171-GEB-DAD PS

                Plaintiff,

    v.

CATHERINE AND SOPHIE BUTCHER,

                Defendants.

JAMES C. MAXEY,                                    No.  2:14-cv-172-LKK-AC PS

                Plaintiff,

    v.

SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT,

                Defendant.

/////

/////

/////

/////

/////

7

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-173-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| ROBERT MUELLER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-174-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| JERRY ZANELLI, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-175-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| BUZZ OATES, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-176-LKK-EFB PS |
| Plaintiff, | |
| v. | |
| THEODORE GAINES, | |
| Defendant. | |

/////

/////

/////

/////

/////

8

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-177-TLN- DAD PS |
| Plaintiff, | |
| v. | |
| CALIFORNIA PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-178-JAM-CKD PS |
| Plaintiff, | |
| v. | |
| MARK STAWICKI, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-179-MCE-KJN PS |
| Plaintiff, | |
| v. | |
| CALIFORNIA NURSES (UNION) ASSOCIATION, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-180-MCE-CKD PS |
| Plaintiff, | |
| v. | |
| QUEEN ELIZABETH, et al., | |
| Defendants. | |

/////

/////

/////

/////

9

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-181-MCE-EFB PS |
|         Plaintiff, | |
|    v. | |
| VALERIE BUTCHER, | |
|         Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-182-LKK-KJN PS |
|         Plaintiff, | |
|    v. | |
| DANIEL LUNDGREN, | |
|         Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-183-GEB-AC PS |
|         Plaintiff, | |
|    v. | |
| JOHN BUTCHER, | |
|         Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-184-KJM-DAD PS |
|         Plaintiff, | |
|    v. | |
| EMILY F. COX, | |
|         Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-185-TLN-KJN PS |
|         Plaintiff, | |
|    v. | |
| CRAIG BUTCHER, | |
|         Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-187-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| PETER REYNAUD, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-188-KJM-EFB PS |
| Plaintiff, | |
| v. | |
| MARCUS ZIEMER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-189-KJM-AC PS |
| Plaintiff, | |
| v. | |
| MATHEW BARNES, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-190-JAM-DAD PS |
| Plaintiff, | |
| v. | |
| PATRICIA STAINES, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-191-JAM-EFB PS |
| Plaintiff, | |
| v. | |
| SCREEN ACTORS GUILD ASSN., | |
| Defendant. | |

JAMES C. MAXEY,                                No.  2:14-cv-192-MCE-KJN PS

            Plaintiff,

    v.

ITALY,

            Defendant.

JAMES C. MAXEY,                                No.  2:14-cv-193-GEB-EFB PS

            Plaintiff,

    v.

A.R.C.O. GASOLINE STATIONS, INC.,

            Defendant.

JAMES C. MAXEY,                                No.  2:14-cv-194-TLN-EFB PS

            Plaintiff,

    v.

ENTERCOM, INC.,

            Defendant.

JAMES C. MAXEY,                                No.  2:14-cv-195-JAM-AC PS

            Plaintiff,

    v.

CHEVRON STATIONS, INC.,

            Defendant.

JAMES C. MAXEY,                                No.  2:14-cv-197-TLN-CKD PS

            Plaintiff,

    v.

GARY MESSING,

            Defendant.

JAMES C. MAXEY,

        Plaintiff,

    v.

CRESTVIEW VILLAGE APARTMENTS,

        Defendant.

No.  2:14-cv-198-KJM-CKD PS

---

JAMES C. MAXEY,

        Plaintiff,

    v.

BUZZ OATES CONSTRUCTION, INC.,

        Defendant.

No.  2:14-cv-199-LKK-DAD PS

---

JAMES C. MAXEY,

        Plaintiff,

    v.

PHILLIP WRIGHT,

        Defendant.

No.  2:14-cv-200-MCE-AC PS

---

JAMES C. MAXEY,

        Plaintiff,

    v.

JENNIFER SILVA,

        Defendant.

No.  2:14-cv-201-JAM-AC PS

---

JAMES C. MAXEY,

        Plaintiff,

    v.

ROGER NIELLO,

        Defendant.

No.  2:14-cv-202-TLN-KJN PS

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-203-GEB-EFB PS |
| Plaintiff, | |
| v. | |
| KARLA LaCAYO, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-204-GEB-KJN PS |
| Plaintiff, | |
| v. | |
| RUPINA MANN, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-205-TLN-CKD PS |
| Plaintiff, | |
| v. | |
| CHRISTINA MENDONSA, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-207-KJM-DAD PS |
| Plaintiff, | |
| v. | |
| VALERO GASOLINE STATIONS, INC., | |
| Defendant. | |

/////
/////
/////
/////
/////

14

1   JAMES C. MAXEY,                                    No.  2:14-cv-208-MCE-CKD PS

2                         Plaintiff,

3          v.                                          RELATED CASE ORDER AND

4   HERITAGE OAKS HOSPITAL, INC.,                      FINDINGS AND RECOMMENDATIONS

5                         Defendant.

6

7          Examination of the above-entitled actions reveals that the actions are related within the

8   meaning of E.D. Cal. Local Rule 123.  The actions involve similar claims and similar questions of

9   fact and law, and would therefore entail a substantial duplication of labor if heard by different

10  judges.  *See*  E.D. Cal. L.R. 123(a).  Accordingly, the assignment of the matters to the same judge

11  is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the

12  parties.

13         The parties should be aware that relating the cases under Local Rules 123 merely has the

14  result that both actions are assigned to the same judge and magistrate judge; no consolidation of

15  the actions is affected.

16         A.     Motions to Proceed *In Forma Pauperis*

17         In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*,

18  plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's

19  declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the

20  requests to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

21         B.     Screening of Plaintiff's Complaints

22         Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if

23  it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24  state a claim on which relief may be granted, or seeks monetary relief against an immune

25  defendant.

26  /////

27  /////

28

15

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The complaints filed in the above-entitled actions are almost identical, containing only minor differences in each case.  In each complaint, plaintiff alleges that the action arises from "plaintiff being deprived the most basic rights guaranteed by the California and United States Constitution and statutory law."  Plaintiff alleges that he is a resident of Carmichael, California, and that he is unemployed and disabled due to the actions of the named defendant.  Plaintiff alleges that venue is appropriate in this district for each case because "numerous acts, transactions, wrongs, and breaches of contract give rise to violations of civil and criminal law described in this complaint [which] occurred within this county, state and other states."

16

Each complaint also contains a section entitled "Allegations Applicable to All Causes of Action."  This section consists of boilerplate created by plaintiff wherein he leaves blanks to later fill in.  This section appears in each complaint as follows:

> The plaintiff, James C. Maxey, suffered injury due to the actions of the [space provided for plaintiff to inserts the names of individuals or companies] on, or about [space where plaintiff inserts a date].  The plaintiff's injuries were caused by [blank space where plaintiff identifies different parties or companies] associates affiliated [another blank space, often filled in with "The Republican Party"].

In some of his complaints, plaintiff adds another sentence to the allegation section, which provides, "From September 2001 through the present time, the plaintiff was fraudulently misrepresented as being associated with Osama Bin Laden."

All complaints further allege that "defendants have harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, falsely convicted and falsely imprisoned the plaintiff as part of an illegal conspiracy to suppress his rights under the U.S. Constitution."  Each complaint also requests, among other things, that the court issue an order requiring the City of Sacramento to "delay any planning or construction of any downtown sports arena, until the City Council legally litigates . . . James C. Maxey v. Sacramento Kings (NBA) Inc."  In many of his complaints, plaintiff requests one billion dollars in damages for his injuries.

Apart from the sheer number of complaints filed by plaintiff, his complaints name many different defendants who--as best as can be gleaned from the complaints--appear to have nothing to do with plaintiff, including the Country of Germany, Queen Elizabeth II, Dick Cheney, Eric Holder, George Bush, Chevron Gas Stations, and the California Teachers Associations, just to name a few.  Plaintiff's allegations include conclusory and unexplained assertions that the defendants in each case blackmailed, falsely imprisoned, and physically assaulted him.  However, the complaint does not contain specific factual allegations showing any particular cause of action as to any particular defendant.  Nor does the complaint show how this court would have subject matter jurisdiction over any such claim.  Given the failure of the complaint to establish or even suggest a legally cognizable claim, the court finds that all of plaintiff's above captioned complaints are frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the

17

1   "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

2   factual contentions are clearly baseless," which includes "claims describing fantastic or

3   delusional scenarios.").  Accordingly, the all of the above-entitled actions must be dismissed

4   without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448

5   (9th Cir. 1987 (While the court ordinarily would permit a pro se plaintiff to amend, leave to

6   amend should not be granted where it appears amendment would be futile).

7            Accordingly, it is hereby ORDERED that:

8        1.  The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge

9   Brennan for all further proceedings.

10       2.  Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled

11  actions, are granted subject to the recommendation below.

12       3.  The Clerk is directed to file a copy of this order and findings and recommendations in

13  the above-entitled cases.

14           Further, it is RECOMMENDED that:

15       1.  Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to

16  amend; and

17       2.  The Clerk be directed to close the above-entitled cases.

18           These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

24  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25  DATED:  January 27, 2014.

26

27                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

28